UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OWEN SPANGENBERG,<br>               Plaintiff,<br><br>          v.<br><br>MCNEILUS TRUCK & MANUFACTURING, INC.; OSHKOSH CORPORATION; OSHKOSH SPECIALTY VEHICLES, INC.; OSHKOSH SPECIALTY VEHICLES, LLC; OSHKOSH, INC.; and SCOTT RAVERT<br><br>               Defendants. | No. 18-cv-4915 |

## **O P I N I O N**

**Plaintiff's Motion to Remand to State Court, ECF No. 10—Granted**
**Defendant Scott Ravert's Motion to Dismiss, ECF No. 7—Denied as moot**

**Joseph F. Leeson, Jr.**                                                                                                 **May 1, 2019**
**United States District Court**

### I.     INTRODUCTION

In this personal injury action arising under Pennsylvania law, Defendants removed the case from Pennsylvania state court based on diversity jurisdiction. Although Defendant Scott Ravert and Plaintiff Owen Spangenberg are both Pennsylvania citizens, Defendants claim that Spangenberg fraudulently joined Ravert to defeat diversity. Spangenberg filed a motion to remand to the state court and argues that Ravert is a proper party to this action and thus that this Court lacks diversity jurisdiction over the case. The Court finds no fraudulent joinder and concludes that it lacks diversity jurisdiction; Spangenberg's motion is granted and this case is remanded to state court.

## II.     BACKGROUND

On October 24, 2016, Plaintiff Owen Spangenberg suffered a severe on-the-job hand injury that resulted in the amputation of three of his fingers. Complaint ¶ 15, ECF No. 1-5. At the time, Spangenberg worked for Rahns Concrete, Inc., and was helping install a concrete cement chute on a cement truck. Compl. ¶ 8. The chute had three sections that could be raised while in transit and lowered to pour cement. Compl. ¶ 9. Spangenberg alleges that Defendants had shipped the chute to Rahns Concrete with two of the sections raised and secured by a plastic tie. Compl. ¶ 9. During installation, the plastic tie broke and the two raised sections of the chute fell while Spangenberg had his hand in the joint of the chute between the horizontal and vertical sections; the vertical section crushed his hand and fingers. Compl. ¶ 10. Spangenberg suffered amputation of three fingers of his right hand. Compl. ¶ 15.

Spangenberg sued Defendants McNeilus Truck & Manufacturing, Inc., Oshkosh Corporation, Oshkosh Specialty Vehicles, Inc., Oshkosh Specialty Vehicles, LLC, Oshkosh, Inc., and Scott Ravert, the manager in charge of shipping at Defendant McNeilus's business, in the Court of Common Pleas of Philadelphia County.[1] Spangenberg alleged claims of negligence, strict liability, and breach of warranty against all Defendants, based on their manufacturing, distributing, and shipping the cement chute to Rahns Concrete.

Defendant Scott Ravert is the only defendant who is a citizen of Pennsylvania; the corporate defendants are all citizens of either Minnesota or Wisconsin.[2] Compl. ¶¶ 2-7

---

[1]     The parties stipulated to dismiss Defendants Oshkosh Corporation and Oshkosh Specialty Vehicles, LLC without prejudice. ECF No. 16.

[2]     The Complaint states that Defendant McNeilus has a principal place of business in Morgantown, Pennsylvania, Compl. ¶ 2, and that Defendant Oshkosh, Inc. has a registered address in Philadelphia, Compl. ¶ 6. However, Defendants claim in their Notice of Removal that McNeilus is incorporated in and has its principal place of business in Minnesota, Notice of Removal ¶ 15,

Defendants filed a Notice of Removal on November 14, 2018, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and contending that Spangenberg's claim against Ravert is a fraudulent joinder designed only to defeat diversity jurisdiction. Ravert subsequently filed a motion to dismiss for failure to state a claim against him. ECF No. 7. Spangenberg filed a motion to remand to state court, arguing that joinder of Ravert was proper and that this Court lacks diversity jurisdiction. ECF No. 10.

### III. ANALYSIS

Spangenberg moves to remand this case to state court, challenging Defendants' position that Ravert was fraudulently joined to defeat diversity. "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). However, the "removal statutes are to be strictly construed against removal," so this exception should not be invoked lightly. *Id.* at 217 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–52 (3d Cir. 1992)). Only if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant" can a plaintiff's decision to join a non-diverse party be considered fraudulent. *Id.*

Under this standard, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* This "possibility" inquiry is a more lenient standard than courts apply when a defendant moves to dismiss a case for failing to state a claim—the question for purposes of determining whether a non-diverse

---

ECF No. 1, and that Oshkosh, Inc. is not a viable corporate entity, Notice of Removal ¶ 19. Spangenberg does not challenge these corrections in his Motion to Remand.

defendant was fraudulently joined is not whether the claims against that defendant lack merit, but rather whether those claims are "wholly insubstantial and frivolous." *Id.* (quoting *Batoff*, 977 F.2d at 852), such that "they should have never been brought at the outset," *Batoff*, 977 F.2d at 853–54 (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). This standard places a "heavy burden of persuasion" on the removing party to demonstrate fraudulent joinder. *See Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 851–52).

Defendants argue that they can carry this heavy burden of showing fraudulent joinder and that this Court can ignore the Pennsylvania citizenship of Ravert and exercise diversity jurisdiction over this case. However, if Ravert was not fraudulently joined, the parties are not diverse and this Court lacks subject matter jurisdiction and must remand the case to the Pennsylvania state court.

Defendants have not met the "subjective" component of the fraudulent joinder test because they have produced no evidence that Spangenberg had "no real intention in good faith" to prosecute the action against them or seek a joint judgment. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Instead, Defendants focus on the "objective" component and argue that Spangenberg's complaint does not state a colorable claim against Ravert. They argue that pleading a tort claim against a director or employee of a corporate defendant under Pennsylvania law requires specific allegations of misfeasance against the individual defendant, but that Spangenberg's complaint contains no allegations of wrongdoing by Ravert and simply "lumps" him together with the other Defendants. Defs.' Opp. Remand 4, ECF No. 13. According to Defendants, the Complaint does

4
050119

defendant was fraudulently joined is not whether the claims against that defendant lack merit, but rather whether those claims are "wholly insubstantial and frivolous." *Id.* (quoting *Batoff*, 977 F.2d at 852), such that "they should have never been brought at the outset," *Batoff*, 977 F.2d at 853–54 (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). This standard places a "heavy burden of persuasion" on the removing party to demonstrate fraudulent joinder. *See Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 851–52).

Defendants argue that they can carry this heavy burden of showing fraudulent joinder and that this Court can ignore the Pennsylvania citizenship of Ravert and exercise diversity jurisdiction over this case. However, if Ravert was not fraudulently joined, the parties are not diverse and this Court lacks subject matter jurisdiction and must remand the case to the Pennsylvania state court.

Defendants have not met the "subjective" component of the fraudulent joinder test because they have produced no evidence that Spangenberg had "no real intention in good faith" to prosecute the action against them or seek a joint judgment. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Instead, Defendants focus on the "objective" component and argue that Spangenberg's complaint does not state a colorable claim against Ravert. They argue that pleading a tort claim against a director or employee of a corporate defendant under Pennsylvania law requires specific allegations of misfeasance against the individual defendant, but that Spangenberg's complaint contains no allegations of wrongdoing by Ravert and simply "lumps" him together with the other Defendants. Defs.' Opp. Remand 4, ECF No. 13. According to Defendants, the Complaint does

4
050119

defendant was fraudulently joined is not whether the claims against that defendant lack merit, but rather whether those claims are "wholly insubstantial and frivolous." *Id.* (quoting *Batoff*, 977 F.2d at 852), such that "they should have never been brought at the outset," *Batoff*, 977 F.2d at 853–54 (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). This standard places a "heavy burden of persuasion" on the removing party to demonstrate fraudulent joinder. *See Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 851–52).

Defendants argue that they can carry this heavy burden of showing fraudulent joinder and that this Court can ignore the Pennsylvania citizenship of Ravert and exercise diversity jurisdiction over this case. However, if Ravert was not fraudulently joined, the parties are not diverse and this Court lacks subject matter jurisdiction and must remand the case to the Pennsylvania state court.

Defendants have not met the "subjective" component of the fraudulent joinder test because they have produced no evidence that Spangenberg had "no real intention in good faith" to prosecute the action against them or seek a joint judgment. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Instead, Defendants focus on the "objective" component and argue that Spangenberg's complaint does not state a colorable claim against Ravert. They argue that pleading a tort claim against a director or employee of a corporate defendant under Pennsylvania law requires specific allegations of misfeasance against the individual defendant, but that Spangenberg's complaint contains no allegations of wrongdoing by Ravert and simply "lumps" him together with the other Defendants. Defs.' Opp. Remand 4, ECF No. 13. According to Defendants, the Complaint does

not include specific allegations that describe with any particularity Ravert's role in committing the alleged torts.[3]

Defendants' argument mixes the standards for fraudulent joinder and a Rule 12(b)(6) motion to dismiss for failure to state a claim.[4] The difference is that, "whereas the focus of a 12(b)(6) motion is on plausibility, the gravamen of fraudulent joinder is possibility." *Taggart v. Morgan Stanley ABS Capital I Inc.*, No. CV 16-62, 2016 WL 4076818, at *3 (E.D. Pa. Aug. 1, 2016). Defendants cannot show fraudulent joinder merely by demonstrating that Spangenberg's complaint does not state a sufficient claim against Ravert; instead, they must show that it is *legally impossible* for Spangenberg to prevail against Ravert. *See Kleiner v. Rite Aid Corp.*, No. CV 17-3975, 2017 WL 4765329, at *3 (E.D. Pa. Oct. 20, 2017) (recognizing that a court need only determine that a claim is legally possible and remanding because court could not "conclude that it is legally impossible for Mrs. Kleiner to prove that the products she bought from Rite Aid caused her ovarian cancer").

In Defendants' Motion to Dismiss, they recognize that tort claims against managers or employees of corporate defendants are in fact legally possible under Pennsylvania law.

---

[3] Ravert has moved to dismiss all claims against him based on the similar argument that Spangenberg's Complaint contains no allegation that he participated in any tort. *See* Ravert Mot. Dismiss, ECF No. 7. The Court resolves Spangenberg's motion to remand first because it raises a jurisdictional issue. *See The Knit With v. Aurora Yarns*, No. CIV.A. 09-5981, 2010 WL 844739, at *6 n.5 (E.D. Pa. Mar. 11, 2010) (recognizing that motion to dismiss had no bearing on fraudulent joinder inquiry, which had to be resolved first as a jurisdictional issue) (quoting 5B Wright and A. Miller, Federal Practice and Procedure § 1350 n. 39 (3d ed. 2009) ("When a Rule 12(b)(6) motion is joined with a motion to remand on the ground of fraudulent joinder, the court should consider the claim of fraudulent joinder first since it is a jurisdictional issue.")).

[4] Defendants' opposition to Spangenberg's motion to remand contains a telling typo: "Plaintiff seeks to survive this *Motion to Dismiss* by referencing allegations in the Complaint where Mr. Ravert's wrongdoing is merely lumped in with that of the corporate defendants." Defs.' Opp. Remand 9 (emphasis added).

Pennsylvania law recognizes the "participation theory" as a basis on which corporate actors can be liable for their own tortious conduct:

> The general, if not universal, rule is that an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor; but that an officer of a corporation who takes no part in the commission of the tort committed by the corporation is not personally liable to third persons for such a tort, nor for the acts of other agents, officers or employees of the corporation in committing it, unless he specifically directed the particular act to be done or participated, or cooperated therein.

*Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90 (Pa. 1983) (cited in Defendants' Motion to Dismiss 7). Liability under the participation theory "attaches only where the corporate officer is an actor who participates in the wrongful acts." *Id.* Such liability may be imposed "for 'misfeasance,' i.e., the improper performance of an act, but not 'mere nonfeasance,' i.e., the omission of an act which a person ought to do." *Loeffler v. McShane*, 539 A.2d 876, 878 (Pa. Super. Ct. 1988) (quoting *Wicks*, 470 A.2d at 90); *see also Brindley v. Woodland Vill. Rest., Inc.*, 652 A.2d 865, 869 (Pa. Super. Ct. 1995) (explaining that misfeasance is "the doing of something which ought not be done, something which a reasonable man would not do, or doing it in such a manner as a man of reasonable and ordinary prudence would not do it," while nonfeasance means "omitting to do, or not doing, something which ought to be done, which a reasonable and prudent man would do" (quoting *Nelson v. Duquesne Light Co.*, 12 A.2d 299, 303 (Pa. 1940))).

Plaintiff's Complaint alleges acts of misfeasance against all Defendants, including Ravert. Specifically, Defendants designed, manufactured, sold and supplied the chute in a defective and unsafe condition without adequate instructions, Compl. ¶¶ 13(l)-(o), provided the chute without all elements necessary to ensure its safe use, Compl. ¶¶ 13(q)-(r), and used an "insufficient plastic tie intended to secure the vertical section," Compl. ¶ 13(s). The Complaint

alleges that Ravert was the manager in charge of shipping at McNeilus's business, which links him to these acts of misfeasance. Compl. ¶ 7.

Although Defendants argue that these allegations do not state a sufficient claim of misfeasance against Ravert,[5] courts have found that similar allegations against managers of corporate defendants survive fraudulent joinder arguments. In *Waas v. Cargill Meat Sols. Corp.*, the plaintiff sued a corporate defendant and an individual defendant in state court for negligence after she fell into a hole on the corporate defendant's property. No. 3:17-CV-838, 2018 WL 521588, at *1 (M.D. Pa. Jan. 23, 2018). The defendants removed the action to federal court even though the individual defendant, a supervisor at the location where the plaintiff was injured, was non-diverse and argued that the plaintiff had fraudulently joined him to defeat diversity. *Id.* The district court granted the plaintiff's motion to remand, recognizing that Pennsylvania law allows a claim against the supervisor of an accident site. *Id.* at *3. The court emphasized that the

---

[5] Defendants claim that allegations that "lump together" the wrongdoing of corporate and individual defendants do not establish a colorable tort claim under Pennsylvania's participation theory and cite three Pennsylvania federal cases where courts found fraudulent joinder. However, none of these courts' decisions relied on the fact that a complaint made allegations about tortious conduct by Defendants collectively. In *Arndt v. Johnson & Johnson*, the court found fraudulent joinder because, with respect to one group of defendants, the complaint alleged nonfeasance instead of misfeasance and because, with respect to a second group of defendants, the claims were either time-barred or clearly meritless. No. CIV.A. 12-6633, 2014 WL 882777, at *7-10 (E.D. Pa. Mar. 6, 2014). The court in *Sherfey v. Johnson & Johnson*, also found fraudulent joinder of individual defendants because the complaint alleged nonfeasance instead of misfeasance. No. CIV.A. 12-4162, 2014 WL 715518, at *11 (E.D. Pa. Jan. 29, 2014). In *Tripodes v. NVR, Inc.*, the court found fraudulent joinder of an individual defendant where the plaintiffs conceded that they brought no claim against the defendant, but merely wanted to preserve a possible future claim. No. CV 18-1131, 2018 WL 6732993, at *2 (W.D. Pa. Nov. 6, 2018), *report and recommendation adopted*, No. 2:18CV1131, 2019 WL 176173 (W.D. Pa. Jan. 11, 2019). That Spangenberg makes allegations against Defendants collectively does not require a finding that Ravert has been fraudulent joined. *See Smoyer v. Care One, LLC*, No. 2:16-CV-1696, 2017 WL 575070, at *6 (W.D. Pa. Jan. 23, 2017) (finding colorable claim where complaint stated allegations of misfeasance "by all Defendants"), *report and recommendation adopted*, No. 2:16-CV-1696, 2017 WL 573573 (W.D. Pa. Feb. 13, 2017). Rather, the inquiry hinges on whether Spangenberg has stated a colorable claim of misfeasance against Ravert.

relevant issue was legal possibility of the claim, not the merits: "[i]t is for a state court to assess the merits of the Complaint and Defendants' defenses thereto—this Court cannot say that there is no possibility that a state court would find that the Complaint states a cause of action . . . ." *Id.* at *4.

Similarly, in *Gaynor v. Marriott Hotel Servs., Inc.*, the court found no fraudulent joinder in a case where the plaintiff tripped and fell on a sidewalk adjacent to a Marriott hotel and sued both Marriott and the manager of the specific hotel. The defendants removed and argued that the joinder of the manager, a non-diverse defendant, was fraudulent because the complaint did not allege sufficient personal participation by the manager in the tortious acts. No. CIV.A. 13-3607, 2013 WL 4079652, at *3–4 (E.D. Pa. Aug. 13, 2013). The district court disagreed and remanded to state court because, although the complaint did not allege explicitly that the manager personally participated in the alleged negligence, "the Complaint's allegations [carried] with them reasonable inferences of personal participation." *Id.* at *4. Specifically, the complaint alleged that the manager caused or permitted the defective condition to remain on the sidewalk, failed to adequately inspect and maintain the premises, and failed to employ qualified personnel to remove the defect. *Id.* The Court found that the defendants had not shown that the plaintiff's claims against the manager were "wholly unsubstantial and frivolous." *Id.* at *6.

Similar to the plaintiffs in *Wass* and *Gaynor*, Spangenberg has alleged a colorable claim against the manager of an alleged corporate tortfeasor. Spangenberg's Complaint alleges examples of misfeasance at McNeilus's business that involve the packing and shipping of the cement chute and thus carry the reasonable inference of Ravert's personal participation as shipping manager. The Court finds that Spangenberg's claim against Ravert is not a legal impossibility under Pennsylvania law and therefore that he was not fraudulently joined. This

Court lacks diversity jurisdiction over this case; whether Spangenberg has stated a claim sufficient to survive a motion to dismiss, and whether he can ultimately prevail on the merits against Ravert must be decided by the state court. The Court grants Spangenberg's motion to remand and denies Ravert's pending motion to dismiss as moot.

## IV.     CONCLUSION

For the reasons discussed above, the Court concludes that Defendant Scott Ravert was not fraudulently joined. Accordingly, this Court lacks diversity jurisdiction over this case and will remand to the state court. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge